UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ADRIAN L. JACKSON,

    Plaintiff,

v.                                                                                          05-CV-3109

KEVIN WINTERS et al.,

    Defendants.

### Order Dismissing Case Without Prejudice to Refiling

    On July 14, 2005, this court held a merit review. Though it is not entirely clear from his submissions or from his testimony at the merit review, he plaintiff alleges deliberate indifference to his serious medical needs during his incarceration because needed surgery for his hernia was delayed for seven years, causing permanent injury. He also seems to maintain that, once he finally received surgery, he suffered permanent injury from the surgery and was not informed of the risks involved, and/or he suffered deliberate indifference by prison officials after the surgery.

    The court determined that the plaintiff stated a claim for deliberate indifference to his serious medical needs under the Eighth Amendment. A prepayment order entered July 8, 2005, directing the plaintiff to pay $1.65 by August 5, 2005. (d/e 7). That prepayment was never made, nor was a timely request to waive the prepayment made. The plaintiff was apparently released on parole on August 19, 2005. He has filed a change of address.

    On October 14, 2005, the court directed the plaintiff to pay the initial fee within 14 days or show good cause why he could not. (10/14/05 text entry). The court also directed the plaintiff to provide an original, signed complaint, with all exhibits attached, along with copies thereof for all the defendants. *Id.* This is because the plaintiff had submitted two different complaints, and the court cannot tell with certainty which should be used, nor are there sufficient copies of either for service. The plaintiff was warned that failure to comply would result in summary dismissal, without prejudice.

    In response, the plaintiff filed a motion for summary judgment. He says he does not have any income, nor did he when he was in prison. The court construes the motion as one to waive the initial partial prepayment. Typically, the court would grant the motion.

    However, the plaintiff still has not submitted copies of the complaint that he wishes to govern this action, and he has not told the Court which complaint he filed should be used. The court cannot proceed unless it knows which complaint should be served. Further, neither complaint appears to be complete (some pages are missing) and there are not sufficient copies of

1

either for service.

The court believes the best way to handle this is to dismiss this case, without prejudice to refiling. The plaintiff may refile his case with one original, signed complaint and sufficient copies of that complaint to serve each defendant. He may also file a petition to proceed in forma pauperis with that new complaint. Now that he is on parole, he will not be subject to the prepayment provisions on his new case, if he refiles, so he will not have to make a prepayment or pay the filing fee in installments, if he qualifies for in forma pauperis status.

IT IS THEREFORE ORDERED:

1) This case is dismissed, without prejudice to refiling, for the plaintiff's failure to provide the complaint on which he seeks to proceed, and sufficient copies of said complaint for service on the defendants. This case is terminated and all pending motions are denied as moot (d/e's 3, 11, 12);

2) The clerk is directed to mail the plaintiff a copy of both complaints he filed in this case, along with forms to proceed in forma pauperis and a blank complaint form. The plaintiff may file a new case, with an original, signed, complete complaint, and enough copies of that complaint to serve each of the defendants. The plaintiff should file a petition to proceed in forma pauperis with his new complaint, if he chooses to refile. The plaintiff is advised that, in general, the statute of limitations in a 42 U.S.C. Section 1983 action is two years (under Illinois law), unless "continuing violation," estoppel, or tolling doctrines apply. The court states no opinion on the application of the statute of limitations to the plaintiff's claims.

Entered this 15th Day of November, 2005.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE